UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FIREMAN'S FUND | * | CIVIL ACTION NO. |
| INSURANCE COMPANY, | * | |
| AMERICAN INSURANCE | * | JUDGE |
| COMPANY, AMERICAN | * | |
| AUTOMOBILE INSURANCE | * | MAGISTRATE |
| COMPANY AND ASSOCIATED | * | |
| INDEMNITY COMPANY | * | |
| | * | |
| VERSUS | * | |
| | * | |
| EAGLE, INC. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Fireman's Fund Insurance Company ("Fireman's Fund"), American Insurance Company ("American"), Associated Indemnity Company ("Associated") and American Automobile Insurance Company ("American Automobile") (jointly hereafter referred to as "FFIC" or "Plaintiffs"), which file this Complaint seeking a judicial determination concerning the alleged existence of a policy of insurance allegedly issued by one of the Plaintiffs to Defendant, or its predecessor.

Alternatively, in the event that this Court determines a policy of insurance was issued by any Plaintiff to Defendant, Plaintiffs seek a determination by this Court of the terms, conditions, limitations and exclusions comprising the policy along with a judicial determination of the duties, rights, obligations, and responsibilities of the Plaintiffs and of the Defendant, arising out of the policy of insurance.

**Jurisdiction**

I.

Fireman's Fund is a California corporation with its principal place of business in the State of California.

II.

American is an Ohio corporation with its principal place of business in the State of California.

III.

American Automobile is a California corporation with its principal place of business in the State of California.

IV.

Associated is a Missouri corporation with its principal place of business in the State of California.

V.

Defendant, Eagle, Inc. ("Eagle") is a Louisiana corporation with its principal place of business in New Orleans, Louisiana.

VI.

This action is brought pursuant to the Declaratory Judgment Act, Title 28 §§ 2201, 2202 of the United States Code because there is an actual controversy among the parties. This Court has diversity jurisdiction over this action pursuant to the provisions of 28 U.S.C.A. § 1332. Diversity of citizenship exists between the parties and the amount in controversy is in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of interest and costs.

**Venue**

VII.

Venue is proper in this Court under 28 U.S.C. § 1391 (a)(1) because Defendant resides in this district.

**Factual Background**

VIII.

Eagle is a defendant in lawsuits pending in Louisiana, Mississippi, and Texas seeking damages for bodily injury, wrongful death, loss of consortium, and other claims (hereinafter the "underlying claims").

IX.

On or about August 28, 1986, American Automobile received a tender of lawsuits from Defendant Eagle along with a copy of a purported certificate of insurance dated March 18, 1966. Eagle claimed that American Automobile Insurance Company insured Eagle. Plaintiffs aver that the purported certificate of insurance was partly illegible and included handwritten alterations, either obscuring the original typed material or adding information to the typed portions of the purported certificate.

X.

Following receipt of this tender, FFIC undertook an investigation to locate the alleged policy, without success. That investigation included requesting information from Eagle and its broker about the purported certificate along with any other information supporting the existence of a policy.

XI.

Eagle was unable to provide any further information.

XII.

On or about January 13, 1992, after conducting its investigation, and allowing a considerable time period for Eagle to locate information to support its allegations concerning the alleged policy, FFIC advised Eagle that FFIC was unable to locate the alleged policy and the purported certificate received was inadequate to establish the existence of a policy.

XIII.

Recently, FFIC has received tenders of underlying claims from Eagle and/or its insurers seeking indemnity and/or defense for various asbestos clams. However, Eagle has provided no further information supporting the existence of the policy.

## COUNT I.

## Declaratory Judgment

XIV.

Plaintiffs contend that there is a real and justiciable question as to whether a policy of insurance exists that would cover Eagle for the claims asserted.

XV.

Plaintiffs aver that any claims for coverage under the policy are barred by prescription, preemption, the applicable statute of limitations, or laches.

XVI.

Plaintiffs aver that there is inadequate evidence concerning the existence of a policy. The purported certificate of insurance, which is the only evidence provided, is of unknown origin, is illegible, and has been altered by persons unknown so that the original contents cannot be determined.

XVII.

Alternatively, in the event that this Court determines there is adequate information to establish that a policy was issued by FFIC, and Eagle is not barred from seeking coverage under the policy, FFIC seeks a declaration from this Court concerning the terms, conditions, limitations and exclusions forming the policy, based upon the best available evidence as determined through discovery, and, to the extent necessary, a judicial determination of the duties, rights, obligations, and responsibilities of the Plaintiffs and of the Defendant, arising out of the policy of insurance with respect to the underlying claims.

XVIII.

Plaintiffs aver that a *bona fide*, justiciable controversy exists between and among the parties hereto as to the rights of Eagle to assert claims under the alleged policy, the existence of the policy and, in the event that Eagle establishes the existence of a policy, to the contents of the policy and/or construction and interpretation of the policy which enables this Court to declare the

duties, rights, privileges and obligations of Plaintiffs and Defendant arising out of the alleged policy of insurance.

**WHEREFORE**, Plaintiffs pray that judgment be rendered in their favor, and that this Honorable Court issue a declaration precluding Defendant from asserting claims against Plaintiffs under the alleged policy.  Alternatively, Plaintiffs pray for judgment that the existence of the alleged policy has not been established.  In the further alternative, if this Court determines that the alleged policy was issued by FFIC, FFIC seeks a declaration concerning the terms, conditions, limitations and exclusions forming the alleged policy.  FFIC requests that this Court enter any other judgment necessary to resolve any dispute between the parties concerning the duties, rights, obligations and responsibilities which may arise following this Court's determination of the existence and terms of any policy along with any and all other general or equitable relief which this Court may find just and proper.

Respectfully submitted:

**DEGAN, BLANCHARD & NASH**

/s/   Julia A. Dietz
Sidney W. Degan, III (4804)
Julia A. Dietz (18866)
Jennifer Kilpatrick (26510)
Karl Schmid (25241)
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Office: 504.529.3333; Fax: 504.529.3337
Email: jdietz@degan.com

*Attorneys for Plaintiffs, Fireman's Fund Insurance Company. American Insurance Company, American Automobile Insurance Company and Associated Indemnity Company*