UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE | * | CIVIL ACTION NO.  2:12-cv-01865 |
| COMPANY, AMERICAN INSURANCE | * | |
| COMPANY, AMERICAN AUTOMOBILE | * | JUDGE:  Jay C. Zainey |
| INSURANCE COMPANY AND | * | |
| ASSOCIATED INDEMNITY COMPANY | * | MAGISTRATE: Alma L. Chasez |
| | * | |
| VERSUS | * | |
| | * | |
| EAGLE, INC. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**EAGLE, INC.'S AFFIRMATIVE DEFENSES,
ANSWER, AND COUNTERCLAIM**

Defendant Eagle, Inc. ("Eagle") responds as follows to the Complaint for Declaratory Judgment (the "Complaint") of Plaintiffs Fireman's Fund Insurance Company ("Fireman's Fund"), American Insurance Company ("American"), American Automobile Insurance Company ("American Automobile"), and Associated Indemnity Company ("Associated"):

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by estoppel or waiver.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by prescription, peremption, or laches.

1

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims are impermissibly vague. The Plaintiffs make no reference to their own relationship, or to how, if at all, each of their seemingly separate claims relate to Eagle.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims should be stayed and/or transferred to state courts.

### ANSWER

In response to the specific allegations of the Complaint, Eagle responds as follows:

I.

The allegations of Paragraph I are denied for lack of information sufficient to justify a belief therein.

II.

The allegations of Paragraph II are denied for lack of information sufficient to justify a belief therein.

III.

The allegations of Paragraph III are denied for lack of information sufficient to justify a belief therein.

IV.

The allegations of Paragraph IV are denied for lack of information sufficient to justify a belief therein.

V.

The allegations of Paragraph V are admitted.

VI.

The allegations of Paragraph VI are admitted.

VII.

The allegations of Paragraph VII are admitted.

VIII.

The allegations of Paragraph VIII are denied as written.  Further answering, Eagle avers that each petition in each state court suit is the best evidence of its own contents and allegations.

IX.

Eagle denies the allegations regarding a purported tender of lawsuits in 1986 to American Automobile for lack of information sufficient to justify a belief therein.  Over many years, Eagle has tendered to the Plaintiffs various lawsuits, along with a certificate of insurance dated March 18, 1966 evidencing the terms of an insurance policy issued by the Plaintiffs to Eagle.  Eagle denies the Plaintiffs' characterization of the contents of the certificate of insurance.

X.

Eagle denies the allegations for lack of information sufficient to justify a belief therein.

XI.

Eagle denies the allegations for lack of information sufficient to justify a belief therein.

XII.

Eagle denies the allegations regarding the Plaintiffs' purported effort to locate the insurance policy issued to Eagle for lack of information sufficient to justify a belief therein. Eagle admits that the Plaintiffs have informed Eagle that they have not located an insurance policy and that they contend the certificate of insurance is inadequate to prove a policy was issued.

XIII.

Eagle admits that the Plaintiffs have received tenders from Eagle and/or its insurers for various lawsuits. Eagle denies the remaining allegations.

XIV.

The allegations of Paragraph XIV are admitted.

XV.

The allegations of Paragraph XV are denied.

XVI.

The allegations of Paragraph XVI are denied.

XVII.

The Plaintiffs allege that to the extent the Court finds that the Plaintiffs issued an insurance policy to Eagle, the Court then should declare the terms, conditions, limitations, and exclusions of such policy and the rights and obligations of the parties. This allegation requires no response from Eagle. Eagle maintains that any determination by this Court should be in its favor.

XVIII.

The Plaintiffs allege that an actual and justiciable controversy exists, which Eagle does not dispute.

**COUNTERCLAIM**

AND NOW, assuming the capacity of Plaintiff-in-counterclaim, and to the extent this Court determines not to stay and/or transfer this lawsuit in favor of pending underlying state court actions involving Eagle, Eagle asserts the following claims against the Plaintiffs/Defendants-in-counterclaim:

**Plaintiff-in-Counterclaim**

I.

Eagle is a Louisiana corporation having its principal place of business in New Orleans, Louisiana.

**Defendants-in-Counterclaim**

II.

Fireman's Fund is a California corporation having its principal place of business in California.

III.

American is an Ohio corporation having its principal place of business in California.

IV.

American Automobile is a Missouri corporation having its principal place of business in California.

V.

Associated is a California corporation having its principal place of business in California.

**Jurisdiction and Venue**

VI.

The Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §1332 based upon diversity of citizenship between the parties and the amount in controversy which exceeds $75,000, exclusive of interest and costs. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as the claims asserted herein are so related to the claims in the original action that they form part of the same case or controversy under Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. § 1391.

**Facts**

VII.

Eagle has sold and installed insulation since the 1920's.

VIII.

In consideration of substantial premiums paid by Eagle, Eagle was insured under primary commercial general liability insurance over many years.

IX.

For the period of July 1, 1965 to July 1, 1966, Eagle was insured under a primary commercial general liability insurance policy issued by the Plaintiffs.

X.

The Plaintiffs and Eagle cannot locate the insurance policy. However, Eagle produced a certificate of insurance to the Plaintiffs evidencing the insurance policy and its terms.

XI.

Eagle seeks a declaration that the certificate of insurance evidences the insurance policy issued by the Plaintiffs and its terms.

XII.

Under the insurance policy, the Plaintiffs agreed to defend and indemnify Eagle against certain liabilities and risks of loss arising out of various risks.

XIII.

Numerous lawsuits have been filed against Eagle by persons asserting claims for bodily injury as a result of being exposed to asbestos ("asbestos lawsuits").

XIV.

Eagle provided the Plaintiffs with timely notice of each asbestos lawsuit.

XV.

The Plaintiffs have refused to defend or indemnify Eagle in connection with the asbestos lawsuits.

XVI.

The Plaintiffs have breached their insurance contract with Eagle and misrepresented the policy provisions related to coverage afforded to Eagle.

XVII.

As a result of the arbitrary action of the Plaintiffs, Eagle has incurred and will incur substantial defense related costs, and may also incur monetary loss or other liability. Eagle is entitled to recover damages and penalties for bad faith.

XVIII.

Eagle also seeks a declaration that the Plaintiffs are and have been obligated to defend and indemnify Eagle in the asbestos lawsuits in accordance with the coverage afforded under the policy, but the Plaintiffs have refused to do so.

### Jury Demand

XIX.

Eagle is entitled to and demands a trial by jury.

**WHEREFORE**, Eagle prays that this pleading be deemed good and sufficient and that, after due proceedings, judgment be entered in its favor:

i. dismissing with prejudice the Complaint of the Plaintiffs;

ii. declaring that the Plaintiffs issued an insurance policy to Eagle for the period of July 1, 1965 to July 1, 1966;

iii. declaring the terms of the insurance policy issued by the Plaintiffs, including defense and indemnity obligations;

iv. declaring that the Plaintiffs have acted in bad faith and breached the insurance contract it issued to Eagle by refusing to defend or indemnify Eagle against the costs, losses and liabilities arising out of each asbestos lawsuit and awarding Eagle damages and penalties as a result thereof;

v. declaring that the Plaintiffs are liable to pay and indemnify Eagle for all damages, costs, expenses and payments incurred or to be incurred by Eagle with respect to the asbestos lawsuits;

vi. awarding Eagle all costs and expenses in connection with this action, including, but not limited to, reasonable attorney fees, and pre- and post-judgment interest; and,

vii. granting such other and further relief as this Court may deem just and equitable.

Respectfully submitted,

*/s/ Edward R. Wicker, Jr.*
Stephen H. Kupperman, 7890, T.A.
Edward R. Wicker, Jr., 27138
   Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Ste. 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Eagle, Inc.

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by e-filing, hand and/or placing same in the United States mail, postage prepaid and properly addressed, this 17th day of September, 2012.

*/s/ Edward R. Wicker, Jr.*

792573_1